UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTONIO CELESTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 20-11256-LTS |
| BANK OF AMERICA, N.A., CHEX SYSTEMS, INC., and AUTO HOLDING 46, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS BANK OF AMERICA, N.A. AND CHEX SYSTEMS, INC.'S
MOTION TO DISMISS (DOC. NO. 13)

March 11, 2021

SOROKIN, J.

Plaintiff Antonio Celester, appearing pro se, filed a complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against Defendant Bank of America, N.A. and Defendant Chex Systems, Inc., as well as FCRA violations and tort claims against Defendant Auto Holding 46, LLC. Celester filed his claims using the form complaint for a civil case, to which he attached additional pages stating his claims. Doc. No. 1.[1] Defendants Bank of America, N.A. ("BANA") and Chex Systems, Inc. ("CHEX") filed a Motion to Dismiss, Doc. No. 13, which Celester opposed, Doc. No. 21. For the reasons stated below, the Motion to Dismiss is ALLOWED.

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

I. FACTS

In his complaint, Celester alleges two sets of facts: one set pertaining to a car sale involving Defendant Auto Holding 46, and the other set pertaining to identity theft and involving Defendants BANA and CHEX. See Doc. No. 1 at 4–11. The Court restates the facts relevant to claims against BANA and CHEX below, with all inferences in the plaintiff's favor. The Court draws its facts from Celester's complaint as well as from a letter Celester sent to CHEX dated February 18, 2018 (Doc. No. 14-13), stating that a Bank of America account had been fraudulently opened in his name and requesting its deletion from his credit report.[2]

Celester alleges that on December 22, 2016, BANA reported to CHEX, which is a credit reporting agency, that Celester had an outstanding balance of $12,388 in a Bank of America account under his name. Doc. No. 1 at 8. Celester alleges that he did not open this account. Id. He states that he had a "fraud alert" on his credit report at all times and BANA had an obligation to verify the identity of the person who opened an account under his name. Id. Celester contacted BANA at an unspecified time, and BANA requested copies of his identification, proof of address

---

[2] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33–34 (1st Cir. 2001). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Id. (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Here, the Court considers the February 18, 2018 letter on a motion to dismiss for a variety of reasons. First, all parties agree that the letter is authentic. See Doc. No. 14 at 4; Doc. No. 21 at 26–27. Celester refers to contacting CHEX in his complaint, Doc. No. 1 at 9, and in his opposition he specifically acknowledges sending the February 18, 2018 letter to CHEX, Doc. No. 21 at 26–27. No party objects to the consideration of this letter and Celester engages substantially with it in his opposition. See Doc. No. 21 at 23, 26–27, 31. Finally, this letter, which establishes the timing of Celester's contact with CHEX, is "central" to Celester's claim—that CHEX and BANA allegedly took no action following his attempts to contact them and resolve the issue of identity theft.

at the time the fraudulent account was opened, an affidavit, and a police report. Id. at 9. Celester was then informed that BANA had 90 days to complete its fraud investigation. Id.

On February 18, 2018, Celester submitted a letter to CHEX stating the following: "I have recently been informed that there is negative information . . . in the file you maintain under my Social Security number. Upon reviewing a copy of my credit report, I see an entry listing I had a Bank of America account . . . on 02/18/2018." Doc. No. 14-13; see also Doc. No. 1 at 9. He added that he "never had or opened an account with Bank of America" and the statement was "a fraud upon my name." Doc. No. 14-13. Celester challenged "the accuracy, compliance, and reportability" of the credit report and requested that CHEX provide him any documents related to the account with his signature; if none emerged, he requested that CHEX delete the account from his credit report within 30 days. Id. Celester alleges that BANA and CHEX continued to maintain the negative information on his credit report, which caused him harm, and that their timeline for removing negative information was unjust and arbitrary. Doc. No. 1 at 9–10. Specifically, he alleges the negative information derailed his purchase of an automobile. Id. at 6.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff," Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993), "augment[ing] those facts with facts extractable from documentation annexed to or incorporated by reference in the complaint," Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005). This "highly deferential" standard of review "does not mean, however, that a court must

3

(or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).

Because Celester is proceeding pro se, the Court reads his complaint with "an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). "Yet even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Adams v. Stephenson, 116 F.3d 464 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988)).

### III. DISCUSSION

The Fair Credit Reporting Act "imposes obligations on [consumer reporting agencies] and users of consumer information and provides for enforcement by various federal agencies." Chiang v. Verizon New England Inc., 595 F.3d 26, 34 (1st Cir. 2010) (citing 15 U.S.C. § 1681s). The FCRA also imposes obligations on "furnishers" of information to consumer reporting agencies, which includes prohibitions against providing inaccurate information to those agencies, see § 1681s-2(a)(1), and specific duties in the event of a dispute over furnished information, see § 1681s-2(b). A "furnisher of information" under the FCRA is defined as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, and Trans Union." Chiang v. MBNA, 634 F. Supp. 2d 164, 167 (D. Mass. 2009) (internal quotation marks, citation, and alteration omitted), aff'd, 620 F.3d 30 (1st Cir. 2010). Under the FCRA, even under the broadest reading of Celester's complaint, CHEX is a consumer reporting agency and BANA

4

is a furnisher of information. The Court construes Celester's complaint to make the following FCRA claims against BANA and CHEX:[3]

- that BANA violated 15 U.S.C. § 1681g(e) by refusing to provide Celester with BANA's business records associated with the fraud, Doc. No. 1 at 9;

- that BANA failed to follow its own policies to verify the individual opening the account and failed to comply with Title 15 "relating to policies for verifying information" in allowing a fraudulent account to be opened and not closing the account when presented with evidence that Celester did not open the account, id. at 10; and

- that CHEX and BANA failed to comply with the FCRA when they failed to remove incorrect information from Celester's credit report, id. at 10–11.

Celester's claims against CHEX and BANA are barred by the FCRA's statute of limitations. Under 15 U.S.C. § 1681p, a court action to enforce liability under the FRCA may be brought "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p (emphasis added). As evidenced by his letter to CHEX, Celester was aware that a fraudulent BANA account had been opened in his name and that the information had been conveyed to CHEX as of at least February 18, 2018. See Doc. No. 14-13. The opening of the account by BANA and BANA's subsequent transfer of that information to CHEX are the alleged violations that Celester claims make up the basis for

---

[3] BANA and CHEX's Motion to Dismiss argues that Celester cannot state a claim pursuant to the Bank Secrecy Act and its implementing regulations, including 31 C.F.R. § 1020.220, because it lacks a private right of action. Doc. No. 14 at 9. However, the Court only construes Celester's complaint as alleging violations of the FCRA, 15 U.S.C. § 1681 et seq., against BANA and CHEX. These allegations are laid out in the complaint and are the only ones to which Celester responds in his opposition. Thus, the Court does not address the Bank Secrecy Act.

liability as described above. Plaintiff and Defendants take different positions as to at what point prior to 2018 (if at all) Celester was contacted by BANA and discovered the fraudulent account, but all parties are in agreement that Celester was aware of the issue and in communication with CHEX as of February 18, 2018. Thus, Celester's deadline to file suit was February 18, 2020, two years after the date of discovery. Celester filed his complaint on July 1, 2020. Doc. No. 1. All of his claims are barred by the statute of limitations.

Nonetheless, Celester argues in his opposition that each transmission of his credit report is a separate and distinct tort to which a separate statute of limitations period applies, and consequently the statute of limitations was triggered in 2020, when Celester was unable to secure financing for a car purchase because his CHEX credit report contained negative information. Doc. No. 21 at 15 (citing Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 359–60 (E.D. Pa. 2001)). Jaramillo relies on Hyde v. Hibernia, 861 F.2d 446 (5th Cir. 1988), for this proposition. The Court rejects Celester's argument for the following reasons: First, in the intervening decades since the Fifth Circuit issued Hyde, the First Circuit has never adopted the Hyde interpretation of the FCRA statute of limitations. Second, multiple district courts have rejected the Hyde theory of liability "on the grounds that such a rule would create a perpetual statute of limitations." Ellis v. Advanta Bank, No. 16-CV-06437-BLF, 2017 WL 1436249, at *3 (N.D. Cal. Apr. 24, 2017) (citing Bittick v. Experian Info. Sols. Inc., 419 F. Supp. 2d 917, 918–19 (N.D. Tex. 2006); Hancock v. Charter One Mortg., No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008)); see also Hernandez v. Wells Fargo Bank , N.A., No. 13-CV-13047-ADB, 2015 WL 4480839, at *5 (D. Mass. July 22, 2015) (bank's alleged "re-reporting" of inaccurate information did not toll statute of limitations). To apply Hyde here would allow Celester to bring an FCRA claim at any point in the future simply by requesting a credit report,

despite his awareness of the alleged issues in 2018. This would defeat the purpose of a statute of limitations. The Court declines to adopt the Hyde reasoning. Thus, Celester's FCRA claims fail.

For the sake of completeness, the Court addresses additional arguments raised by the BANA and CHEX in support of their motion to dismiss:

First, Celester cannot state a claim against BANA for violating § 1681g(e) by refusing to provide him with the bank's business records. That section applies solely to consumer reporting agencies and not to furnishers of information. Cf. Caltabiano v. BSB Bank & Tr. Co., 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005) (dismissing plaintiff's § 1681g claim against bank because only consumer reporting agency could be held liable under that section).

Second, Celester cannot plausibly allege a claim against BANA for failure to comply with portions of Title 15 "relating to policies for verifying information." The Court construes this phrase as bringing claims under §§ 1681c-1, 1681c-2, and 1681s-2(a)—but Celester cannot bring claims against BANA under any of those sections. Section 1681c-1 sets forth circumstances in which a consumer reporting agency, at the request of a consumer and on receipt of "appropriate proof of . . . identity," must "include a fraud alert in the file of that consumer." § 1681c-1(a)(1)(A); § 1681c-1(b)(1)(A). However, it does not apply to furnishers of information. The same limitation is true for § 1681c-2, which states that "consumer reporting agenc[ies] shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." § 1681c-2(a).

Section 1681s-2(a) does apply to furnishers of information, and it prohibits any person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." § 1681s-

2(a)(1)(A). However, there is no private right of action for this portion of the statute. § 1681s-2(c)(1); <u>Chiang v. Verizon New England, Inc.</u>, 595 F.3d 26 at 35.

<u>Finally</u>, to the extent the FCRA contains a private right of action against consumer reporting agencies and furnishers of information under §§ 1681n, 1681o, and 1681s-2(b), Celester's claims are barred by the statute of limitations as discussed above.[4]

## IV.  CONCLUSION

For the foregoing reasons, Defendants Bank of America, N.A. and Chex Systems, Inc's Motion to Dismiss (Doc. No. 13) is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[4] The Court does not read Celester's complaint to allege tort claims against BANA or CHEX. However, in any event, Celester does not allege any malicious or willful intent to injure on the part of BANA and CHEX. Thus, any state law claims would be preempted by 15 U.S.C. § 1681h(e), the more lenient of the FCRA's preemption subsections. <u>See</u> <u>Louis v. Bank of Am., N.A.</u>, No. CV 16-10859-MLW, 2017 WL 1202646, at *7 (D. Mass. Mar. 30, 2017) (discussing FCRA preemption scheme under 15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F) and noting that that notwithstanding the "unsettled state of FCRA preemption in this circuit," plaintiff's state law claims are preempted where he "fails to allege any malice or willful intent to injure").